**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NeXedge, LLC, | No. CV11-0319-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Freescale Semiconductor, Inc., and Everspin Technologies, Inc., | |
| Defendants. | |

Plaintiff NeXedge, LLC holds U.S. Patent 7,205,643 (Asserted Patent). Defendants Freescale Semiconductor, Inc. and Everspin Technologies, Inc. manufacture and sell magnetoresistive random access memory (MRAM) products. Plaintiff filed a claim in this Court on February 17, 2011, alleging that Defendants are using production methods that infringe on the Asserted Patent. Doc. 1. On June 16, 2011, Defendant Everspin filed a request for *inter partes* reexamination of the Asserted Patent with the U.S. Patent and Trademark Office (PTO). Doc. 26-1, at 2. The Court found that the parties may request or produce information in this case involving trade secrets, confidential research and development, or commercial information, the disclosure of which would be likely to cause harm to the party producing such information, and therefore entered a protective order on October 4, 2011 pursuant to Fed. R. Civ. P. 26(c)(1). Doc. 58. The parties dispute whether the Court should also enter a patent prosecution bar that would prevent any individual who has access to Defendants' highly

1 confidential information in this case from also participating in the patent reexamination
2 before the PTO.  Docs. 55, 56.

**I.     Legal Standard.**

The determination of whether a protective order should include a patent prosecution bar is governed by Federal Circuit law.  *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).  Despite provisions in protective orders that specify that confidential information may be used only for purposes of the current litigation, courts recognize that "there may be circumstances in which even the most rigorous efforts of the recipient of such information to preserve confidentiality in compliance with the provisions of such a protective order may not prevent inadvertent compromise."  *Id.* The party seeking a protective order has the burden of showing good cause for its issuance.  *See* Fed. R. Civ. P. 26(c).  The same is true for a party seeking to include in a protective order a patent prosecution bar.  *Deutsche Bank*, 605 F.3d at 1378.

**A.     Competitive Decisionmaking.**

The party seeking the patent prosecution bar must first show that there is an "unacceptable" risk of inadvertent disclosure of confidential information, determined by the extent to which counsel is involved in "competitive decisionmaking" with its client. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).  The *U.S. Steel* court defined competitive decisionmaking as "a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."  *Id.* at 1468, n.3.

The Federal Circuit has rejected the notion that every patent prosecution attorney is necessarily involved in competitive decisionmaking.  *Deutsche Bank*, 605 F.3d at 1379. In so finding, the *Deutsche Bank* court distinguished administrative and oversight duties from activities in which counsel play a "significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios," with the latter activities posing a more significant risk of inadvertent disclosure than the former.  *Id.* at

1379-80; *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 183 (D. Del. 2010). In order to determine the risk, the Court is required to "examine all relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis." *Deutsche Bank*, 605 F.3d at 1380.

### B. Judicial Balancing.

Once the risk of inadvertent disclosure has been shown, the Court must balance that risk against the potential harm to the opposing party in denying it the counsel of its choice. *Id.* (citing *U.S. Steel*, 730 F.2d at 1468). In evaluating this potential harm, the Court should consider such things as the extent and duration of counsel's past history in representing the client before the PTO, the degree of client's reliance on that past history, and the potential difficulty the client might face if forced to rely on other counsel for the pending litigation or engage other counsel to represent it before the PTO. *Id.* at 1381.

The moving party must show as a threshold matter that the proposed prosecution bar "reasonably reflect[s] the risk presented by the disclosure of proprietary competitive information." *Id.* This showing requires that the information designed to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar all reasonably reflect the risk presented by disclosure. *Id.*

The party seeking an exemption from a patent prosecution bar must show, on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the moving party caused by such inadvertent use. *Id.*

After balancing these competing interests, the Court has broad discretion to decide the degree of protection required. *Id.* at 1380 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

## II.     Discussion.

Defendants claim that without a prosecution bar, "plaintiff's litigation counsel will be motivated to tailor the patent claims to avoid the prior art cited by the PTO in the reexamination, while at the same time trying to ensure that those claims allegedly read on defendants' accused products." Doc. 56, at 4. The Court is not persuaded that this argument satisfies the good cause requirement for a bar.

Defendants first argue that Plaintiff's counsel will be motivated to tailor the patent claims in the reexamination to avoid the prior art cited by the PTO, but this has little to do with the exchange of confidential information in this case. The prior art has been identified in the reexamination proceeding; any counsel representing Plaintiff will have access to it and will be motivated to tailor the patent claims to avoid it.

Defendants also argue that Plaintiff's counsel will be motivated to avoid the prior art while ensuring that the revised patent claims read on Defendant's accused products. This argument does implicate the confidential information about Defendants' products that will be disclosed in this litigation, but the concern about disadvantageous use of that information is reduced to a significant degree by the nature of reexaminations. As the district court noted in *Xerox Corp.*:

> Unlike patent prosecution, reexamination is a limited proceeding assessing only the patentability of existing claims against specific prior art references. Defendants' confidential information is "basically irrelevant" to that particular determination. Moreover, while claims may be broadened during prosecution to support new, tailor-made infringement allegations, amendments made during reexamination can only serve to *narrow* the original claims. Hence, no product that did not infringe a patent before reexamination could ever infringe that patent following reexamination. Furthermore, to the extent additional details are added to a claim in reexamination to distinguish it from the prior art, those details must already exist in the original patent's specification. In any event, plaintiff will certainly seek to preserve the broadest possible reading of its claims on reexamination regardless of any insight gleaned from defendants' confidential information.

- 4 -

*Id.*, 270 F.R.D. at 184-85 (footnotes omitted; emphasis in original).

The Court also notes that Plaintiff is not a competitor of Defendants, its sole asset is the Asserted Patent, and it is not in the business of developing or patenting new products. Doc. 55-1, ¶ 2. Thus, many of the concerns recognized in the prosecution bar cases simply do not exist here. The Court concludes that Defendants have not shown good cause for a prosecution bar in this case.

Nor do Defendants' concerns outweigh the disadvantages to Plaintiff if a prosecution bar were entered. Plaintiff has an interest in choosing its own counsel, particularly in the highly specialized area of patent litigation and prosecution. The relatively modest risks presented by the reexamination context do not outweigh Plaintiff's strong interests in avoiding the increased costs and duplication of effort that would arise were Plaintiff required to retain and educate separate counsel for the reexamination proceeding. The Court also notes that Defendants, not Plaintiff, initiated the reexamination, and did so after this lawsuit was filed. The reexamination therefore cannot be viewed as a tactic by Plaintiff to take advantage of confidential information disclosed in this case.

Plaintiff states in its brief that it is willing to include in the protective order a requirement that Plaintiff not rely in the reexamination on highly confidential information disclosed by Defendants in this case. Doc. 55, at 6, n.1. The Court finds this to be a helpful suggestion that would add a measure of protection to Defendants, and directs the parties to file a stipulation adding such a provision to the protective order.

**IT IS ORDERED** that Defendants' motion for entry of a patent prosecution bar (Doc. 56) is **denied**.

Dated this 20th day of October, 2011.

_____
David G. Campbell
United States District Judge